**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ISAIAH NOEL WILLIAMS,

Plaintiff-Appellant,

v.

DEBRA WILLIAMS,

Defendant-Appellee.

No.    13-17284

D.C. No. 4:07-cv-04464-CW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, District Judge, Presiding

Argued and Submitted December 8, 2015
San Francisco, California

Before: O'SCANNLAIN, SILVERMAN, and BEA, Circuit Judges.

Appellant Isaiah Williams is an inmate in state prison. He commenced this
42 U.S.C. § 1983 action against correctional officer Debra Williams. On appeal, he
argues that the district court erred in granting summary judgment in favor of the
defendant on his due process claim, and that the district court abused its discretion

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

by admitting evidence during trial regarding his alleged membership in a prison gang and one of his tattoos.

## I. Alleged Due Process Violation

Appellant alleges a due process violation based on *Wolff v. McDonnell*, 418 U.S. 539 (1974). *Wolff* accorded prisoners certain limited due process rights in prison disciplinary proceedings "to insure that [a] state-created right is not arbitrarily abrogated." *Id.* at 557. The Court applied the "minimum requirements of procedural due process" because "the determination of whether [prisoner misconduct] has occurred becomes critical" when a state deducts good time credits as punishment. *Id.* at 558. Under *Wolff*, an "inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense" so long as it is safe to do so. *Id.* at 566. Appellant argues that Officer Williams violated this constitutional right by preventing him from attending his prison disciplinary hearing on September 3, 2006.

The district court recognized that Appellant Williams had a right to attend the disciplinary hearing. However, the court concluded that this right was not clearly established in 2006. Thus, the court granted summary judgment on the due process claim in favor of the defendant, based on qualified immunity.

The court erred when it concluded that the right was not clearly established in 2006. The Supreme Court's statement in 1974 that prisoners have a right to call witnesses and present evidence at disciplinary hearings necessarily implies a right to participate in the hearing process. Here, the district court concluded that the right was not clearly established in 2006 based on *Wheeler v. Sim*, 951 F.2d 796 (7th Cir. 1992), and *Francis v. Coughlin*, 891 F.2d 43 (2d Cir. 1989). Neither of these authorities undermines *Wolff*'s holding that prisoners have a right to present evidence and call witnesses at disciplinary hearings when it is safe to do so. In *Wheeler*, "the only due process question at issue [was] whether the Due Process Clause itself entitles an inmate to present a *written* statement rather than an oral statement . . . at a disciplinary hearing." 951 F.2d at 799 (emphasis in original). In *Francis*, the court addressed the issue of whether an inmate "had a right to be *present* at the testimony of his witnesses." 891 F.2d at 48 (emphasis in original). Here, Appellant alleges that Officer Williams completely denied him the opportunity to participate in the disciplinary hearing. If proven, this conduct would be in clear violation of *Wolff*.

Therefore, we reverse the court's grant of summary judgment on the due process claim and remand for further proceedings. We do so even though Appellant has not yet shown if, or how, he was actually damaged by the alleged

constitutional deprivation. *See Carey v. Piphus*, 435 U.S. 247, 266 (1978) ("[T]he denial of procedural due process should be actionable for nominal damages without proof of actual injury.").

## II. Trial Evidence

Appellant also argues that the district court erred when it admitted into evidence the name of a white supremacist prison gang to which he allegedly belongs, and when it admitted into evidence testimony regarding one of his tattoos.

If a district court abuses its discretion by admitting evidence improperly, this court must determine whether or not the error was harmless. *United States v. Ramirez-Robles*, 386 F.3d 1234, 1244 (9th Cir. 2004). An error is harmless if it is "more probable than not that the erroneous admission of the evidence did not affect the jury's verdict." *Id.* (quoting *United States v. Hill*, 953 F.3d 452, 458 (9th Cir. 1991)). This court will not reverse a jury verdict absent a showing of prejudice. *Monotype Corp. PLC v. Int'l Typeface Corp.*, 43 F.3d 443, 448 (9th Cir. 1994) (citing *Larez v. City of L.A.*, 946 F.2d 630, 638 (9th Cir. 1991)).

Assuming arguendo that the name of the gang and the testimony regarding appellant's tattoo were erroneously admitted, it is more probable than not that the same jury verdict would have obtained. Absent the challenged evidence, the jury still would have heard that Appellant was validated as a member of a prison gang,

and that he picked a fight with a rival gang member. To the extent that the jury was swayed by reference to the name of the gang and appellant's tattoo, it would likely still be swayed in the same manner by the evidence that Appellant belonged to an apparently violent prison gang. Thus, we affirm the judgment in favor of the defendant as to Appellant's deliberate indifference, excessive force, and retaliation claims.

Each party shall bear its own costs.

**AFFIRMED in part; REVERSED in part; REMANDED.**



Williams v. Williams, 13-17284

SILVERMAN, Circuit Judge, dissenting:

     I would affirm the district court in toto for the reasons stated in the original

Memorandum filed in this case on February 2, 2016.